# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————

No. 98-11298
Summary Calendar

———————————

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

versus

JORGE MARTINEZ-GONZALEZ,

          Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:98-CR-199-ALL-G)

December 1, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

      Defendant-Appellant Jorge Martinez-Gonzalez ("Martinez") appeals the district court's denial of his motion to dismiss the indictment for illegal reentry after deportation in violation of 8 U.S.C. § 1326. In light of our recent decision in *United States v. Benitez-Villafuerte*, 186 F.3d 651 (5th Cir. 1999), we affirm the judgment of the district court.

      In 1995, Martinez was convicted of possession with intent to deliver a controlled substance. Because this constituted an aggravated felony as defined by § 1101(a)(43) and Martinez was in the United States illegally, the INS initiated expedited removal proceedings against him under 8 U.S.C. § 1228. Special Agent Vincent Munoz of the Immigration and Naturalization Service (INS) prepared and served Martinez with a Notice of Intent to Issue a Final Administrative Deportation Order

---

    [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Notice of Intent"), alleging that: (1) Martinez was in the United States illegally; (2) he had been convicted of an aggravated felony; and (3) he was ineligible for statutory relief from deportation. Martinez then signed the following waiver provision[1]:

### I DO NOT WISH TO CONTEST

I admit the allegations and charges of this Notice of Intent. I admit that I am deportable and do not seek any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of a Final Deportation Order . . . I wish to be deported to . . . Mexico.

Several months later, a second INS officer executed Martinez's Final Administrative Removal Order.[2] Shortly after receiving the Order from a third INS official, Martinez was deported.

Less than a year later, Martinez was arrested in Texas and charged with illegal reentry after deportation pursuant to 8 U.S.C. § 1326(a) and (b)(2). Martinez filed a motion in the district court to dismiss the indictment, asserting that his prior deportation violated due process. The district court denied his motion and Martinez pleaded guilty, reserving his right to appeal the court's denial.

On appeal, Martinez alleges that his underlying deportation proceeding violated due process because: (1) there was no hearing; (2) no one outside of the INS was involved in any phase of the deportation decision; (3) no record was prepared advising Martinez of his rights; (4) no record was prepared assessing the voluntariness and intelligence of his waiver; (5) the INS had a fiscal interest in Martinez's deportation because its budget is determined largely by the number of aliens it apprehends and deports; (6) the ruling INS officer failed to discuss with Martinez any facts of his case or explain his rights to him; and (7) no record was prepared of what evidence the adjudicative officer reviewed prior to entering the deportation order.

---

[1] Martinez failed to sign the acknowledgment of receipt of the Notice of Intent form. However, because that signature line was located on the same page as the signed waiver and dated with the same date as the waiver, we assume from his signature that he received the form.

[2] In the Removal Order, the INS Officer found that: (1) Martinez was not a citizen or national for the United States, nor had he been lawfully admitted for permanent resident; (2) Martinez had been convicted of an aggravated felony as defined by § 1101(a)(43); and (3) the administrative record established by clear, convincing, and unequivocal evidence that Martinez was deportable under § 1251(a)(2)(A) (now § 1227(a)(2)(A)(iii)).

The facts and arguments raised in this case are virtually identical to those in *United States v. Benitez-Villafuerte,* 186 F.3d 651. In *Benitez,* the appellant was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43) and deported following expedited removal proceedings conducted solely within the INS under 8 U.S.C. §§ 1227 (a)(2)(A)(iii) and 1228. Thereafter, Benitez reentered the United States without permission. He was subsequently arrested and charged with illegal reentry after deportation under § 1326. During the prosecution of his case, Benitez attempted to suppress the evidence of his prior deportation on the grounds that the earlier deportation proceeding violated his constitutional due process rights. *See id*. at 656.

In reversing the district court's grant of Benitez's motion to suppress, we held that the expedited statutory deportation proceedings of § 1228 satisfied the minimum due process requirements pronounced by the Supreme Court in *Kwong Hai Chew v. Colding*, 344 U.S. 590, 197-98, 73 S.Ct. 472, 97 L.Ed. 576 (1953). *See id.* at 657. Since the INS had complied with the requirements of §1228, it had afforded Benitez the opportunity to claim all the procedural due process to which he was constitutionally entitled. *See id*. We additionally held that in order to successfully collaterally attack a deportation in a § 1326 proceeding, a petitioner had to show that any alleged procedural deficiencies caused him "actual prejudice." *See id.* at 658.

As in *Benitez*, Martinez's deportation proceeding afforded him the due process to which he was entitled. Agent Munoz gave Martinez notice of the charges against him. The waiver provision informed Martinez that he was waiving his right to rebut and contest the charges against him. Martinez also waived a 30-day stay of his deportation and an opportunity to seek judicial review. The final deportation order was issued by a second INS officer and served on Martinez by a third officer.

Martinez has also failed to make a showing of actual prejudice. *See Benitez*, 186 F.3d at 658-59 ( "A showing of prejudice means 'there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported.'"). Here, Martinez was convicted of an aggravated felony under § 1101(a)(43). Consequently, he was "conclusively presumed to be deportable from the United States" under § 1228(c). Since Martinez's deportation was a "foregone

conclusion," he can not establish actual prejudice. *See id.* at 659.

Our opinion in *Benitez-Villafuerte* also addressed and rejected Martinez's additional due process arguments that (1) the commingling of prosecutorial and adjudicative functions rendered the proceeding so fundamentally unfair that a showing of prejudice was unnecessary, *see id.* at 660 (finding that absent any evidence that the minds of the INS officers were "irrevocably closed" to the possibility of a defendant avoiding deportation, it could not say that "the commingling of prosecutorial and adjudicative functions in a § 1228 proceeding poses a risk of impermissible bias."); and (2) the INS has a fiscal interest in deportation that affects the impartiality of deportation proceedings, *see id.* at 659 ("[T]he alleged pecuniary interest here is of the type identified by the Supreme Court as being so remote, trifling and insignificant that it may fairly be supposed to be incapable of affecting the judgment of influencing the conduct of an individual INS hearing officer.") Absent evidence of impermissible bias on the part of the officers who conducted his deportation proceeding, both of these arguments are without merit.[3]

We conclude that Martinez's original deportation proceeding did not violate due process. Accordingly, the district court's judgment is AFFIRMED.

---

[3] As Martinez has failed to show actual prejudice, we need not address Martinez's remaining arguments, namely that no record was prepared assessing the voluntariness and intelligence of his waiver and that no record was prepared detailing what evidence the adjudicative officer reviewed prior to entering the deportation order. *See Benitez,* 186 F.3d at 661 n. 9.